UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-20086-CR-GAYLES/GOODMAN

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JEFFREY ADAM WEBSTER,

   Defendant.

_____/

REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION TO DISMISS

Defendant Jeffrey Adam Webster, proceeding *pro se*[1] but with standby counsel, filed [ECF No. 150] a "Motion to Dismiss Indictment as Unconstitutional in Light of Recent Supreme Court Opinion." The United States filed a response, and Defendant untimely filed

---

[1] "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

a reply. [ECF Nos. 161; 174].[2] The motion is therefore ripe. The mere fact that Webster says that a recent Supreme Court opinion applies to the criminal charges here does not make it so. In fact, as explained below, the case Webster relies upon is completely inapplicable to the instant case.

Because the Supreme Court case on which Webster relies is inapposite and because federal courts at all levels, including the Supreme Court, have (1) long upheld restrictions on child pornography; (2) rejected First Amendment challenges to those statutes; and (3) deemed the statutes constitutional, the Undersigned **respectfully recommends** that United States District Judge Darrin P. Gayles **deny** the motion.

I. **Background**

On February 18, 2022, the Defendant was arrested pursuant to a criminal complaint, charging him with attempted receipt of child pornography, in violation of 18 U.S.C. § 2252, after attempting to obtain child pornography from an undercover FBI agent. [ECF Nos. 1; 7]. On February 28, 2022, the Defendant was ordered detained pending trial as both a risk of flight and a danger to the community. [ECF No. 10].

---

[2]   Defendant untimely mailed his reply to the Court on July 10, 2024, two days *after* the expiration of his deadline to submit the reply. [ECF No. 174, p. 6] *See* L.R. 7.1(c)(1). However, the Undersigned exercised discretion and still reviewed it in making this recommendation.

Defendant is reminded that he is **obligated** to abide by the **same rules** (including deadlines) which attorneys representing parties are required to follow. There is no separate set of rules for *pro se* litigants. If Defendant fails to abide by the local or Federal rules again, then he may be subject to consequences and/or sanctions including the striking of a submission.

On March 8, 2022, the grand jury returned an indictment against the Defendant, charging him with attempted receipt of child pornography, in violation of 18 U.S.C. § 2252. [ECF No. 11]. On October 13, 2022, the grand jury returned a superseding indictment against the Defendant, with an additional charge of possession of child pornography, in violation of 18 U.S.C. § 2252, after law enforcement discovered thousands of images of child pornography in his cell phone.

Webster's motion to dismiss focuses on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 8 (2022). The Supreme Court issued its *Bruen* decision on June 23, 2022, more than two years ago, and Webster deems this to be a recent opinion.

In any event, regardless of whether *Bruen* is recent, the case concerned the Second and Fourteenth Amendments, ***not* the First Amendment.**

## II.     Applicable Legal Standards and Analysis

<u>*Standards for Motions to Dismiss Indictments*</u>

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment. Fed. R. Crim. P. 12(b). "[A] defendant may challenge an indictment on a variety of . . . grounds, including [for] failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012).

Motions attacking a defect in instituting the prosecution or in the indictment itself, among other bases, must be made before trial. Fed. R. Crim. P. 12(b)(3).[3] While an indictment may be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss an indictment on a "determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (reversing order dismissing indictment for two counts of trafficking and attempting to traffic in counterfeit watches).

"The sufficiency of a criminal indictment is determined *from its face*." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (emphasis added) (reversing order dismissing indictment noting that "[t]here is no summary judgment procedure in criminal cases", explaining that the rules do not provide for a pre-trial determination of the evidence while highlighting that the sufficiency of an indictment is determined from its face -- and that an indictment is sufficient if it charges the language of the statute).

## *Bruen*

In *Bruen,* applicants who sought unrestricted licenses to carry a handgun in public, together with a public-interest group organized to defend the Second Amendment rights of New Yorkers, brought a §1983 action for declaratory and injunctive relief against the superintendent of the New York State Police and an individual licensing officer. The

---

[3]   Subsection (b)(3)(B)(v) requires an objection based on "failure to state an offense" to be raised by pretrial motion.

applicants alleged the denial of their license applications for failing to satisfy New York's "proper cause" standard, under which the applicants had to demonstrate a special need for self-protection distinguishable from that of the general community, violated the applicants' Second and Fourteenth Amendment rights.

The Supreme Court reversed and remanded in an opinion in which three Justices dissented. *Bruen*, 597 U.S. at 70.

In reaching its Opinion, the Supreme Court applied a "text-and-history standard" to "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 26-39. In doing so, the Supreme Court conducted a lengthy analysis of the historical right to bear arms and any restrictions on that right. *Id.* at 39-70. Unlike the right to bear arms, there is **no constitutional right to possess or receive child pornography**. *See* U.S. Constitution.

The Supreme Court's analysis in *Bruen*, which *solely* addresses restrictions on the *Second* Amendment, does nothing to alter the legion of cases finding that § 2252 does not violate the *First* Amendment. Webster has not called our attention to any cases which cite *Bruen* for the proposition that laws prohibiting child pornography violate the Constitutional rights of child pornography fans. Instead, his memorandum of law is little more than an outline summary of decades of cases involving civil rights (in general), the First Amendment, and obscenity. None of the discussion is helpful here.

In the absence of case law authority supporting Webster's view that § 2252 is purportedly unconstitutional, the Undersigned is required to look at legal precedent concerning child pornography -- and it overwhelmingly establishes that child pornography is not protected by the First Amendment. *See, e.g., Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245-46 (2002) (noting that "certain categories of speech, including defamation, incitement, obscenity, and **pornography produced with real children**," are not protected under the First Amendment) (emphasis added).

Indeed, the "Supreme Court has long recognized that the government has a compelling interest in protecting minors from becoming victims of child pornography because of the physiological, reputational and emotional harm that distribution of such material imposes on them." *United States v. Hotaling*, 634 F.3d 725, 728 (2d Cir. 2011) *cert. denied*, 132 S. Ct. 843 (2011). Consequently, "it is settled law that child pornography is not protected expressive speech under the First Amendment." *Id.*

Thus, this Court should follow Supreme Court and Eleventh Circuit precedent upholding the constitutionality of § 2252 and **deny** the Defendant's Motion.

### *Child Pornography Laws Are Legal*

The Supreme Court, the Eleventh Circuit, and federal courts throughout the United States have long upheld restrictions on child pornography. *New York v. Ferber*, 458 U.S. 747, 774 (1982) (holding New York statute prohibiting the promotion of sexual performances by children under the age of 16 was not overbroad); *United States v. Williams*, 553 U.S. 285 (2008)

(reversing the Eleventh Circuit and holding that 2252A(a)(3)(B), which criminalized the pandering or solicitation of child pornography, was not overbroad under the First Amendment or impermissibly vague under the Due Process Clause of the Fifth Amendment); *United States v. Touset*, 890 F.3d 1227, 1232 (11th Cir. 2018) (noting "child pornography is unprotected by the First Amendment"); *Diaz v. United States*, No. 18-10605-A, 2018 WL 11336780, at *1 (11th Cir. Apr. 19, 2018) (rejecting claim that counsel erred in failing to challenge the constitutionality of § 2252 "**because the United States Supreme Court has determined that 18 U.S.C. § 2252 is constitutional**") (emphasis supplied); *United States v. Rouse*, 936 F.3d 849, 851 (8th Cir. 2019) (noting the "categorical exclusion of child pornography from protection under the First Amendment" and finding that §§ 2251 and 2252, which criminalize the production and distribution of child pornography, respectively, did not violate the First Amendment right to free speech or the Fifth Amendment right to privacy); *Aho v. United States,* No. 0:15-CR-60225, 2021 WL 8651819, at *2 (S.D. Fla. Sept. 14, 2021) (rejecting claim that counsel erred in failing to challenge the constitutionality of § 2252 as having "no merit" "because the United States Supreme Court has determined that 18 U.S.C. § 2252 is constitutional," which means that "appellate counsel was not ineffective for failing to raise a meritless constitutional challenge to the statute on appeal").

Given the more-than-ample legal authority rejecting Webster's arguments and the inapplicability of *Bruen,* the Undersigned easily rejects Webster's arguments as being unsupportable and, in fact, contrary to well-established law.

### III. Conclusion

The Undersigned **respectfully recommends** that Judge Gayles **deny** Wester's motion to dismiss.

### IV. Objections

The parties shall have fourteen (14) days to file written objections, if any, with Judge Gayles and an additional fourteen (14) days) to file a response to the other party's objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 16, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Darrin P. Gayles
All Counsel of Record